## JOSEPH W. GANO v. CORNELIUS VANDERVEER.

1. The exception in the statute of frauds does not save all leases for less than three years, but only such "whereupon the rent reserved to the landlord during such term shall amount to two-third parts, at the least, of the full improved value of the thing demised."
2. A party suing on a parol lease will be non-suited who does not show that the rent reserved bears this proportion to the value of the demised property.
3. A covenant or stipulation for title does not arise from the mere relation of landlord and tenant. There must be either an express agreement to that effect, or words must be used from which it can be implied.

On case certified.

This was an action to recover damages for the breach of an oral lease.

The case certified to this court sets forth in substance these facts: that the defendant, at the time of making the alleged lease, was not the owner of the premises, but had entered into a written agreement to take them of the owner at a certain price, under a penalty of $500 ; that these facts, at the time of renting the premises, were known to the plaintiff. The state of the case then contained a statement as follows: That the defendant "orally rented the said property to the plaintiff for one year from the 1st of April, 1868." The rent was to be $1,350 a year. It further appeared that a few days before the 1st of April, 1868, the defendant gave the plaintiff notice that he had paid the forfeit of $500, and would not take the property. The plaintiff at this time was in possession of the premises, under the owner, who subsequently ejected him.

For the plaintiff, *Hageman.*

For the defendant, *Emery.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is an oral lease, and it is void unless it is saved by being within the exception of the statute of frauds relating to leases for less term than three years from the time of making thereof. And it is upon the ground of this saving in the act that the counsel of the plaintiff struggled to sustain the case of his client. But it is manifest that this ground is not broad enough for this purpose. The statute does not save all leases that run for not more than three years, but only a particular class of such leases—that is, in the statutory language, those "whereupon the rent reserved to the landlord, during such term, shall amount to two-third parts, at the least, of the full improved value of the thing demised." In this case there was no evidence to show the improved value of the premises demised. Consequently, it is clear that the facts proved did not sustain the plaintiff's action.

But, in the second place, the theory of the action was, in a matter of substance, erroneous. The ground of injury to the plaintiff consisted in the failure of the title of his lessor. If such title had been good, it is the plaintiff's contention he could have successfully defended himself and retained the possession of the premises. As the lessor did not have the title, the notion seems to be that an action will arise out of that circumstance. But this is not so. A man does not, when he conveys or leases land, covenant or agree, *ipso facto*, that the title is good. In the civil law, from an adequate price a warranty was implied; but it was to the contrary of this in the common law. *Frost* v. *Raymond*, 2 *New York Term R.* 188; *Phillips* v. *Mayor, &c.*, 2 *Vroom* 143. In *Granger* v. *Collins*, 6 *Mees. & W.* 458, the Court of Exchequer held that no implied agreement for quiet enjoyment would arise from the mere relation of landlord and tenant. The books are full of cases touching the question, from what words employed in the creation of a term of years a covenant or agreement to warrant the title will be implied. Thus, at an early date, in *Holder* v. *Taylor*, Hob. 12, it was decided that the word *demisi* imports a covenant

that the lessor had power to have. So the word *concessi* has equal efficiency. *Style* v. *Hearing, Cro. Jac.* 73 ; 1 *Saund.* 322, *N.* (2). It has been doubted whether the words "let and lease" have any such effect by implication. Now, it is evident the reports are full of cases of this sort, and yet they are all obviously idle and nugatory if, by force of the mere creation of a term of years, an agreement to warrant the title will arise. In the present case the proofs go simply to the effect that the plaintiff became tenant to the defendant, of these premises for one year ; from this relationship no contract with respect to the title can be implied; consequently, on this ground, the plaintiff was rightly non-suited.

There was a third point embraced in the argument, which it is impracticable to determine on the facts contained in the certified case. This point related to the question whether, in point of fact, a lease existed between these parties, or whether the proofs manifested the existence merely of a contract for a lease. It would certainly require very plain evidence to lead to the conclusion that a present lease was designed in a case where both parties knew that the entire title and interest in the property was, at the time, in a third person. In such a condition of things, the reasonable inference would seem to be that it was the understanding that the contracting party, who was to assume the position of lessor, would acquire the title and then lease the premises to the other party. Under such circumstances, all fair intendment would be adverse to an intent to give a present right to the future possession of land, the title of which was in a stranger. But to enable the court to pass upon this matter, it was necessary to adduce the evidence on the subject. The stated case now before us does not do this, but, on the contrary, interprets such evidence, and states in so many words, that the "property was rented." Such a statement concludes the point argued, for it leaves nothing on which a construction of the arrangement between the parties can be rested.

On the two grounds first above stated the court below must be advised that the judgment of non suit must stand.